JUSTICE REGNIER
dissents.
¶30 The majority concludes that Instruction No. 5-11 became the law of the case and the jury was bound to follow it. Thus, the District Court abused its discretion when it gave a supplemental instruction that allowed deviation from the original “to convict” instruction which had alleged the specific dollar figure of $1025. Under this analysis, the Court then concludes that the State did not establish beyond a reasonable doubt that the $1025 possessed by Crawford was proceeds from the sale of drugs.
¶31 The problem I have with this analysis is that Crawford was charged with Criminal Possession of Property Subject to Forfeiture, § 45-9-206, MCA. Montana’s criminal forfeiture statute provides that “[a] person commits the offense of use or possession of property subject to criminal forfeiture if the person knowingly possesses ... property that is subject to criminal forfeiture under this section.” Section 45-9-206(1), MCA. Property subject to forfeiture includes “everything of value furnished or intended to be furnished in exchange for a dangerous drug[.]” Section 45-9-206(2)(e)(i), MCA. In my view, the special interrogatory simply allowed the jury to assign a dollar amount to the property in his possession which was subject to forfeiture. The jury’s finding of a lesser amount of property subject to forfeiture than charged by the State should not interfere with this conviction. The jury concluded that the Defendant was guilty of possessing $225 in cash which was subject to the criminal forfeiture statute. I believe the supplemental instruction given by the District Court was entirely proper and the jury’s finding of a lesser amount of property subject to forfeiture should not result in a reversal of this conviction. I dissent.